# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MAURICE GOMEZ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN A. K. SCRIBNER, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:03-CV-6290-OWW-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Doc. 41) |

Plaintiff David Maurice Gomez ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On May 12, 2005, plaintiff filed a motion seeking a court order requiring prison officials to provide him with access to the law library. Defendants did not file a response to the motion.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must

///

1

demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F. 2d 1159, 1162-63 (9th Cir. 1972).

This action is proceeding against defendants Scribner, Bailey, Saddi, German, Rocha, and Costella for failing to protect plaintiff, in violation of the Eighth Amendment, and against defendants Bailey, Saddi, German, and Luna for acting with deliberate indifference to plaintiff's medical needs, in violation of the Eighth Amendment. Because the issuance of the order sought by plaintiff in his motion would not remedy any of the claims alleged in this action, the court lacks jurisdiction to issue such an order.

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief, filed May 12, 2005, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 24, 2005**            /s/ Lawrence J. O'Neill
b9ed48                                     UNITED STATES MAGISTRATE JUDGE