# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MAURICE GOMEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN A. K. SCRIBNER, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:03-CV-6290-OWW-LJO-P<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE, AND ALLOWING FOR CONSIDERATION OF LATE-FILED DECLARATIONS<br><br>(Docs. 62 and 66)<br><br>ORDER GRANTING PLAINTIFF THIRTY DAYS TO FILE A NEW OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. 67) |

Plaintiff David Maurice Gomez ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The deadline for filing pre-trial dispositive motions was July 19, 2005, and defendants filed a motion for summary judgment on that date. (Docs. 53, 55, 56.) On July 27, 2005, defendants filed the declaration of defendant Saddi in support of their motion, on August 1, 2005, defendants filed the declaration of defendant Scribner in support of their motion, and on August 2, 2005, defendants filed the declarations of defendants Bailey and Rocha in support of their motion. (Docs. 57, 59, 60, 61.) None of the late-filed declarations was accompanied by either a request for leave to file the declaration late or a statement of explanation concerning the late filing of the declaration. On August 3, 2005, the court ordered defendants to show cause why the

declarations should not be stricken from the record.[1] (Doc. 62.) Plaintiff filed a motion to strike the declarations on August 12, 2005. (Doc. 66.) In as much as plaintiff's motion to strike was prompted by his receipt of the court's order to show cause and the court has already independently initiated an inquiry into the late-filed declarations via the order to show cause, plaintiff's motion shall be treated as a response to the court's order rather than as an independent motion requiring resolution separate and apart from the order to show cause.

In the order to show cause, the court stated in part:

> Defendants may not, after the filing of a motion, continue to supplement the motion without leave of court and without explanation. Once a motion is filed, the opposing party and the court need to be able to rely on the motion being complete within itself. A system in which any party may continue to supplement their filings without leave of court and without explanation would be unworkable.

(Doc. 62, 1:22-26.) In response, defendants' counsel attests that a number of problems were encountered with prison staff concerning finalization and signing of the declarations. (Doc. 64, Lee Dec., ¶ 3-7.) Further, counsel asserts that he anticipated being notified when the late declarations arrived and planned to submit them with a motion seeking leave to file them. (Id., ¶ 4.) However, counsel was not informed when the declarations arrived and they were filed with the court by staff. (Doc. 63, Response, 3:8-11.)

Plaintiff's objection to the late-filed declarations and his request that they be stricken is noted. The court is going to allow the declarations to remain filed. It is in the interest of justice to consider the merits of plaintiff's claims at this stage in the action. Further, because the court is going to grant plaintiff leave to file a new opposition, there will be no prejudice to plaintiff.

However, the court is concerned that defendants knowingly filed a motion that was lacking all of the supporting evidence and failed to notify the court and plaintiff of this deficiency. There are several options available in a situation such as this where counsel is having difficulty gaining timely cooperation from prison staff. As counsel is aware, requesting an extension of time to file

///

---

[1] Although the court's order was not filed and docketed until August 3, 2005, it was prepared and signed by the court on August 2, 2005, prior to the submission of Bailey's and Rocha's declarations. For that reason, neither declaration is mentioned in the order.

the motion is one option.  The court has had occasion to deal with prison staff on administrative issues and is not unaware of the lack of response from particular prisons.

Another option would have been to file the motion but place the court and plaintiff on notice as to the missing evidence and request, at that time, leave to file the evidence late once it was received.  Regardless of the precise format or language used, some notice of the deficiencies and of the intent to cure the deficiencies at a later date is necessary.  It is simply not an acceptable practice to knowingly file a motion that is not complete and fail to acknowledge its lack of completeness.  The court is satisfied that counsel will not again use that approach.

Plaintiff filed an opposition to defendants' motion for summary judgment on August 12, 2005.  It is unclear whether the unresolved issue of defendants' late-filed declarations affected the drafting of the opposition or not.  In light of the court's decision to consider the declarations, plaintiff may either stand by his opposition filed on August 12, 2005, or file a new opposition.  <u>If plaintiff chooses to file a new opposition, it must be complete within itself</u>.  <u>The court will not consider both the opposition filed on August 12, 2005 and a new opposition and</u>.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The order to show cause, filed August 3, 2005, is discharged;

2. The late-filed declarations of defendants Saddi, Scribner, Bailey, and Rocha shall be considered by the court in addressing defendants' motion for summary judgment;

3. Plaintiff may file a new opposition to defendants' summary judgment motion, if he so chooses; and

4. If plaintiff chooses to file a new opposition to defendants' motion for summary judgment, the opposition shall be filed within **thirty (30) days** from the date of service of this order and must be complete within itself without reference to the opposition currently on file.

IT IS SO ORDERED.

**Dated:    September 9, 2005              /s/ Lawrence J. O'Neill**
b9ed48                                     UNITED STATES MAGISTRATE JUDGE