# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MAURICE GOMEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN A. K. SCRIBNER, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:03-cv-06290-OWW-LJO PC<br><br>ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION<br><br>(Doc. 110 and 112) |

    Plaintiff David Maurice Gomez ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed October 21, 2003, against defendants Saddi, Bailey, and German on plaintiff's Eighth Amendment failure-to-protect claim, and against defendant Luna on plaintiff's Eighth Amendment medical care claim. On November 30, 2006, the Court issued an order stating:

> On November 29, 2006, defendants Saddi, German, Bailey, and Luna filed a motion to dismiss based on plaintiff's failure to exhaust. Fed. R. Civ. P. 12(b). Only defendant Luna may move for dismissal at this juncture, as the pretrial dispositive motion phase of this litigation is closed with respect to defendants Saddi, German, and Baily. Fed. R. Civ. P. 16(b); Docs. 53, 91, 104. Accordingly, the motion shall be treated as one by defendant Luna for dismissal of the claim against her on the ground that plaintiff failed to exhaust his claim against her.

(Doc. 107.) Defendants filed a motion for reconsideration on December 15, 2006.

    Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ.

1  P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not
2  more than one year after the judgment, order, or proceeding was entered or taken." Id.
3        Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin
4  Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983)
5  (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce
6  the Court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634
7  F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th
8  Cir. 1987), cert. denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988). The Ninth Circuit
9  has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding
10 clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986)
11 (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)). Accordingly, "the clause is
12 reserved for 'extraordinary circumstances.'" Id. When filing a motion for reconsideration, Local
13 Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist
14 which did not exist or were not shown upon such prior motion, or what other grounds exist for the
15 motion."
16       Defendants Saddi, German, and Bailey contend they should not be precluded from joining
17 defendant Luna in filing an unenumerated Rule 12(b) motion because the Court did not previously
18 set a deadline by which they needed to file one, exhaustion of the available administrative remedies
19 is jurisdictional, and it is in the interest of judicial economy.
20       The scheduling order applicable to defendants Saddi, German, and Bailey was issued on
21 December 17, 2004. (Docs. 30, 33.) Defendant Luna waived service and filed an answer after all
22 those scheduling order deadlines had expired and after the Court had resolved defendants Saddi,
23 German, and Bailey's motion for summary judgment. If defendant Luna had not been located and
24 served, this matter would have been set for jury trial following dismissal of the claim against
25 defendant Luna. When defendant Luna waived service and answered the complaint, a scheduling
26 order, clearly applicable to plaintiff and defendant Luna only as to plaintiff's claim against Luna, was
27 issued on September 20, 2006. (Doc. 104.) It is under this scheduling order that defendants Saddi,
28 German, and Bailey argue they should be permitted to file a motion to dismiss.

Although the Court set a specific unenumerated Rule 12(b) motion deadline for defendant Luna on September 20, 2006, but did not set a specific unenumerated Rule 12(b) motion deadline for defendants Saddi, German, and Bailey on December 17, 2004, the addition of such a deadline separate and apart from the pretrial dispositive motion deadline was the result of an administrative change made to orders less than two years ago. The Court is unpersuaded that an administrative change it made to its orders is grounds for a valid argument that prior to the change, defendants had no opportunity to file an unenumerated Rules 12(b) motion. The Prison Litigation Reform Act was enacted in 1996, and prior to the change in the Court's scheduling order, defendants wishing to raise the affirmative defense of failure to exhaust did so by filing a motion on or before the pretrial dispositive motion deadline. Defendants had the same opportunity to file a motion to dismiss for failure to exhaust as does every litigant subject to a scheduling order. The fact that at that time the Court did not set a *separate* deadline is immaterial. Defendants' argument they did not have an opportunity to file a motion to dismiss for failure to exhaust because the Court did not set an unenumerated Rule 12(b) deadline is untenable.

Defendants' argument that exhaustion is jurisdictional is likewise without merit. Exhaustion is an affirmative defense and is not jurisdictional. Jones v. Bock, Nos. 05-7058, 05-7142, 2007 WL 135890, *11 (Jan. 22, 2007); Woodford v. Ngo, 126 S.Ct. 2378, 2392 (2006) ("[T]he PLRA requirement is not jurisdictional . . . ."); Wyatt v. Terhune, 315 F.3d 1108, 1117 n.9 (9th Cir. 2003) (recognizing Ninth Circuit previously held the exhaustion requirement is not jurisdictional in Rumbles v. Hill, 182 F.3d 1064, 1068 (9th Cir. 1999) (overruled in part by Booth v. Churner, 532 U.S. 731 (2001))).

Finally, defendants argue judicial economy concerns. A scheduling order may be modified only upon a showing of good cause, Fed. R. Civ. P. 16(b), and a showing of good cause requires a showing of diligence in complying with the deadline, Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087-88 (9th Cir. 2002). The scheduling order applicable to defendants Saddi, German, and Bailey provided that the pretrial dispositive motion deadline was July 19, 2005. (Docs. 30, 33, 53.) Defendants opted to file a motion for summary judgment, which was granted in part and denied in part. If defendants wish to file a motion seeking relief from that scheduling order upon a

1  showing of good cause, the Court will not preclude them from doing so.  However, they will be
2  required to make the appropriate showing and will not be allowed to make an end run around the
3  Court's scheduling orders and Rule 16(b) by suggesting that they were deprived of their opportunity
4  to move for dismissal for failure to exhaust.
5        The Court did not err in issuing an order clarifying that defendants' motion to dismiss would
6  be treated as one filed by defendant Luna only, and defendants' motion for reconsideration, filed
7  December 15, 2006, is HEREBY ORDERED DENIED on that ground.

9  IT IS SO ORDERED.
10 **Dated:    February 4, 2007**                  **/s/ Lawrence J. O'Neill**
    b9ed48                                  UNITED STATES DISTRICT JUDGE