# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MAURICE GOMEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>WARDEN A. K. SCRIBNER, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:03-cv-06290-OWW-LJO PC<br><br>ORDER GRANTING DEFENDANT LUNA'S MOTION TO DISMISS THE CLAIM AGAINST HER BASED ON PLAINTIFF'S FAILURE TO EXHAUST PRIOR TO FILING SUIT<br><br>(Doc. 106) |

I.    <u>Defendant Luna's Motion to Dismiss for Failure to Exhaust</u>

    A.    <u>Procedural History</u>

Plaintiff David Maurice Gomez ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed October 21, 2003, against defendants Saddi, Bailey, and German on plaintiff's Eighth Amendment failure-to-protect claim, and against defendant Luna on plaintiff's Eighth Amendment medical care claim.

On November 29, 2006, pursuant to Federal Rule of Civil Procedure 12(b), defendant Luna filed a motion to dismiss for failure to exhaust the available administrative remedies. (Doc. 106.) Plaintiff filed an opposition on December 22, 2006.[1] (Doc. 113.)

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on October 20, 2004. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 18.) Although plaintiff states in his opposition that it is impossible to respond to defendant's motion within eighteen days, Local Rule 78-230(m), plaintiff in fact opposed the motion and did not seek an extension of time or any other relief concerning his obligation to respond.

1

B. <u>Legal Standard</u>

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, <u>Porter v. Nussle</u>, 435 U.S. 516, 532 (2002), and exhaustion must occur prior to filing suit, <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. <u>Jones v. Bock</u>, Nos. 05-7058, 05-7142, 2007 WL 135890, *11 (Jan. 22, 2007) (citing <u>Porter</u>, 435 U.S. at 524); <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. <u>Wyatt</u>, 315 F.3d at 1119 (citing <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. <u>Wyatt</u>, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. <u>Id</u>.

C. <u>Discussion</u>

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2006). The process is initiated by submitting a CDC Form 602. <u>Id</u>. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." <u>Id</u>. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some

1  circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section
2  1997e(a), California state prisoners are required to use this process to exhaust their claims prior to
3  filing suit. Woodford, 126 S.Ct. at 2383; McKinney, 311 F.3d at 1199-1201.

4  Defendant Luna argues that she is entitled to dismissal of the claim against her because
5  plaintiff's inmate appeal did not grieve the claim against her and because plaintiff did not exhaust
6  prior to filing suit. In support of her motion, defendant submits evidence that plaintiff's inmate
7  appeal was not exhausted until March 19, 2004, when it was denied at the third and final level of
8  review. (Doc. 106, Exhibits A-D.)

9  In his opposition, plaintiff argues that he did exhaust. (Doc. 113, 2:14-15.) Plaintiff
10 contends that his appeal set forth the misconduct of defendant Luna and that he alleged in his
11 complaint that the appeal was missing past the deadline for a response from prison officials. (Id.,
12 2:17-21 & 3:26-28.)

13 The Court rejects defendant's argument that plaintiff's inmate appeal was insufficient to
14 exhaust the claim against her. In the appeal, plaintiff set forth the conduct giving rise to the claim
15 in this action and asserted that he was not provided with proper medical care. (Exhibit D., pg. 4.)
16 This was sufficient to place prison officials on notice as to the conduct giving rise to the claim
17 against defendant Luna in this suit.

18 "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought
19 in court." Jones, 2007 WL 135890 at 8 (citing Porter, 435 U.S. at 524). In this instance, plaintiff's
20 appeal, dated June 28, 2003, was mailed to the institution on July 8, 2003, received on July 11, 2003,
21 and assigned to an appeals coordinator on July 17, 2003. (Doc. 106, Ex. A, pgs. 2 & 14; Doc. 4,
22 Amend. Comp., Ex. D.) Pursuant to the applicable regulation, the response was due thirty working
23 days later, on August 28, 2003. Tit. 15, § 3084.6. However, the appeal was not returned to plaintiff
24 until October 1, 2003. Although the response was late, the documentary evidence submitted by
25 defendant indicates that plaintiff was interviewed regarding his appeal on September 8, 2003. Thus,
26 at the time plaintiff filed this action, he was aware that his appeal was being processed.[2] Plaintiff

27
28      [2] This action was filed on September 22, 2003, and plaintiff's complaint bears the date September 9, 2003. (Doc. 1.)

3

may not simply decide that the appeals process is moving too slowly and file suit. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth, 532 U.S. at 739 n.5). Because plaintiff was aware at the time he filed suit that his appeal was working its way through the appeals process, the Court finds that plaintiff filed suit prematurely and the claim against defendant Luna must be dismissed as a result.

    D.    Conclusion

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant Luna's motion to dismiss for failure to exhaust, filed November 29, 2006, is GRANTED; and

2. Plaintiff's claim against defendant Luna is dismissed pursuant to 42 U.S.C. § 1997e(a), without prejudice.

IT IS SO ORDERED.

**Dated:**    **February 5, 2007**        **/s/ Lawrence J. O'Neill**
b9ed48                                      UNITED STATES DISTRICT JUDGE