1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9 | DAVID MAURICE GOMEZ,

10 |                          Plaintiff,

11 |        v.

12 | SADDI, BAILEY, AND GERMAN, et al.,

13 |                          Defendants.
_____/

CASE NO. 1:03-cv-06290-DLB PC

ORDER DENYING DEFENDANTS'
RENEWED MOTION FOR
RECONSIDERATION, AND FOR RELIEF
FROM THE SCHEDULING ORDER, WITH
PREJUDICE

(Doc. 121)

14

15 | I.      Order

16 |        A.      Procedural History

17 |        Plaintiff David Maurice Gomez ("plaintiff") is a state prisoner proceeding pro se in this

18 | civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's

19 | amended complaint, filed October 21, 2003, on plaintiff's remaining claim against defendants

20 | Saddi, Bailey, and German ("defendants") for failing to protect plaintiff, in violation of the

21 | Eighth Amendment.  On November 30, 2006, then-Magistrate Judge Lawrence J. O'Neill issued

22 | an order stating:

23 |        On November 29, 2006, defendants Saddi, German, Bailey, and Luna filed a
motion to dismiss based on plaintiff's failure to exhaust.  Fed. R. Civ. P. 12(b).

24 |        Only defendant Luna may move for dismissal at this juncture, as the pretrial
dispositive motion phase of this litigation is closed with respect to defendants

25 |        Saddi, German, and Baily.  Fed. R. Civ. P. 16(b); Docs. 53, 91, 104.  Accordingly,
the motion shall be treated as one by defendant Luna for dismissal of the claim

26 |        against her on the ground that plaintiff failed to exhaust his claim against her.

27 | (Doc. 107.)  Defendants filed a motion for reconsideration on December 15, 2006, and on

28 | February 5, 2007, Judge O'Neill, by then a United States District Judge, denied the motion.

(Docs. 110, 112, 114.)  On April 6, 2007, defendants renewed their motion for reconsideration on the ground that Judge O'Neill should not have considered their motion for reconsideration because he issued the underlying order at issue in their motion.  (Doc. 121.)  In their renewed motion, defendants also seek relief from the scheduling order filed on December 17, 2004.

B.    Motion for Reconsideration

Magistrate Judges and District Judges may be called upon to reconsider their underlying orders if a motion for reconsideration is filed.  There is nothing inherently improper about a judge reconsidering his own order and the situation is in fact unavoidable when it is the District Judge's order that is to be reconsidered.  Therefore, the Court rejects defendants' argument that Judge O'Neill erred in ruling upon their motion for reconsideration simply because he issued the underlying order.  Local Rule 72-303(c) requires that a party seeking to have a Magistrate Judge's ruling reconsidered by a District Judge caption the motion "Request for Reconsideration by the District Court of Magistrate Judge's Ruling."  Compliance with the Local Rule avoids the very situation defendants now complain of.  Despite the Court's disagreement with defendants' position that Judge O'Neill erred in ruling on their motion for reconsideration, the Court will address defendants' renewed motion for reconsideration.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  The Rule permits a district court to relieve a party from a final order or judgment on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).  The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken."  Id.

Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision.  See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other

1  grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d

2  214 (1988).  The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as

3  being exclusive of the preceding clauses.'"  LaFarge Conseils et Etudes, S.A. v. Kaiser Cement,

4  791 F.2d 1334, 1338 (9th Cir. 1986) (quoting Corex Corp. v. United States, 638 F.2d 119 (9th

5  Cir. 1981)).  Accordingly, "the clause is reserved for 'extraordinary circumstances.'"  Id.  When

6  filing a motion for reconsideration,  Local Rule 78-230(k) requires a party to show the "new or

7  different facts or circumstances claimed to exist which did not exist or were not shown upon

8  such prior motion, or what other grounds exist for the motion."

9        Defendants  Saddi, German, and Bailey contend that while a specific unenumerated Rule

10  12(b) motion deadline was set for defendant Luna, they were not obligated by a scheduling order,

11  other order, or statute to file their motion to dismiss by a specified date.[1]

12        The scheduling order applicable to defendants Saddi, German, and Bailey was issued on

13  December 17, 2004.  (Docs. 30, 33.)  Defendant Luna  waived service and filed an answer after

14  all those scheduling order deadlines had expired and after the Court had resolved defendants

15  Saddi, German, and Bailey's motion for summary judgment.  If defendant Luna had not been

16  located and served, this matter would have been set for jury trial following dismissal of the claim

17  against defendant Luna.  When defendant Luna waived service and answered the complaint, a

18  scheduling order, clearly applicable to plaintiff and defendant Luna only as to plaintiff's claim

19  against Luna, was issued on September 20, 2006.  (Doc. 104.)

20        Although the Court set a specific unenumerated Rule 12(b) motion deadline for defendant

21  Luna on September 20, 2006, but did not set a specific unenumerated Rule 12(b) motion deadline

22  for defendants Saddi, German, and Bailey on December 17, 2004, the addition of such a deadline

23  separate and apart from the pretrial dispositive motion deadline was the result of an

24  administrative change made to orders less than two years ago.  The Court is unpersuaded that an

25  administrative change it made to its orders is grounds for a valid argument that prior to the

26  ///

27

28      [1] Defendant Luna has since been dismissed from this action.  (Doc.115.)

1   change, defendants did not have to file a motion to dismiss for failure to exhaust by a specific

2   date.

3        The Prison Litigation Reform Act was enacted in 1996, and prior to the change in the

4   Court's scheduling order, defendants wishing to raise the affirmative defense of failure to

5   exhaust did so by filing a motion on or before the pretrial dispositive motion deadline.

6   Defendants had the same opportunity to file a motion to dismiss for failure to exhaust as does

7   every litigant subject to a scheduling order.  The fact that at that time the Court did not set a

8   *separate* deadline is immaterial.  Defendants were bound by the Court's scheduling order, which

9   set a date for filing pretrial dispositive motions.  Defendants have set forth no explanation why a

10  motion to dismiss filed prior to trial is not, by definition, a pretrial dispositive motion.

11       Defendants next argue that exhaustion is foundational and should be resolved prior to

12  trial.  Exhaustion is an affirmative defense, <u>Jones v. Bock</u>, 127 S.Ct. 910, 912 (2007), and as

13  such may be waived.  The failure to exhaust is raised in a motion to dismiss pursuant to the

14  unenumerated portion of Rule 12(b).  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003).

15  The deadline for filing pretrial dispositive motions was July 19, 2005.  Clearly and unequivocally

16  included within the definition of pretrial dispositive motion is a motion to dismiss under Rule 12

17  filed pretrial.

18       Finally, defendants argue judicial economy concerns.  A scheduling order may be

19  modified only upon a showing of good cause, Fed. R. Civ. P. 16(b), and a showing of good cause

20  requires a showing of diligence in complying with the deadline, <u>Zivkovic v. Southern California</u>

21  <u>Edison Co.</u>, 302 F.3d 1080, 1087-88 (9th Cir. 2002).  The scheduling order applicable to

22  defendants Saddi, German, and Bailey provided that the pretrial dispositive motion deadline was

23  July 19, 2005.  (Docs. 30, 33, 53.)  Defendants opted to file a motion for summary judgment,

24  which was granted in part and denied in part.  Defendants may not make an end run around the

25  Court's scheduling orders and Rule 16(b) by seeking reconsideration on the suggestion that they

26  were not required to file a pretrial motion to dismiss by the pretrial dispositive motion deadline.

27  Defendants' argument is rejected.

28  ///

1    C.    Motion for Relief From Scheduling Order

2        In the alternative to the arguments set forth above, defendants seek relief from the

3    scheduling order.  Defendants cite to Rule 60(b) and do not mention Rule 16(b), despite the

4    Court's earlier order referring Rule 16(b), which governs scheduling orders.  Relief from the

5    scheduling order requires a showing of good cause.  Fed. R. Civ. P. 16(b); Zivkovic, 302 F.3d at

6    1087-88.  Defendants have made no such showing.

7        Defendants argue that their counsel believed they were not subject to a court-ordered

8    deadline regarding unenumerated 12(b) motions, and that their failure to timely file a motion

9    constitutes "mistake, inadvertence, surprise or excusable neglect."  (Doc. 121, 7:9-11 & 15-16.)

10   Defendants have submitted no evidence in support of this argument, and the Court finds the

11   argument to be untenable in any event.

12       Defendants were represented by Deputy Attorney General Michael Lee until April 10,

13   2006, well past the expiration of the pretrial dispositive motion deadline of July 19, 2005.  (Docs.

14   26, 93.)  On April 10, 2006, Supervising Deputy Attorney General Monica Anderson notified the

15   Court that she was now defendants' counsel of record and on August 1, 2006, counsel filed, on

16   behalf of defendant Luna only, a motion seeking an extension of time to investigate whether

17   plaintiff exhausted his claims against Luna.  (Docs. 93, 98.)  On August 31, 2006, Ms. Anderson

18   sought a second extension of time on behalf of defendant Luna.  (Doc. 101.)  An answer was

19   filed by Ms. Anderson on September 19, 2006, and on November 29, 2006, Deputy Attorney

20   General Michelle Angus filed a motion to dismiss.  (Docs. 102, 106.)

21       Mr. Lee and Ms. Anderson are seasoned, experienced attorneys of able reputation.  There

22   is simply no argument presented that convinces the Court that Mr. Lee did not know the

23   significance of a pretrial dispositive motion deadline, or that Ms. Anderson was unaware of the

24   expiration of the prior scheduling order and did not mean to move on behalf of defendant Luna

25   only for two extensions of time.  That plaintiff 's current counsel, Ms. Angus, would have

26   defended this case differently is not good cause to modify the scheduling order, which expired

27   more sixteen months before current counsel attempted to file a motion to dismiss on behalf of all

28

5

of her clients without leave of court.  There has been no showing of due diligence and therefore, no showing of good cause.

   D. <u>Conclusion</u>

   Based on the foregoing, it is HEREBY ORDERED that:

1. Judge O'Neill did not err in issuing an order clarifying that defendants' motion to dismiss would be treated as one filed by defendant Luna only, and defendants' renewed motion for reconsideration, filed April 6, 2007, is DENIED, with prejudice; and

2. Defendants' motion for relief from the scheduling order, filed April 6, 2007, is DENIED, with prejudice, on the ground that defendants failed to show good cause.


IT IS SO ORDERED.

 **Dated:** <u>**June 12, 2007**</u>   <u> **/s/ Dennis L. Beck** </u>
            UNITED STATES MAGISTRATE JUDGE