# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MAURICE GOMEZ, | CASE NO. 1:03-cv-6290 DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF |
| v. | (Doc. 167) |
| A.K. SCRIBNER, et al., | |
| Defendants. | |

Plaintiff David Maurice Gomez ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint, filed October 21, 2003, against defendants Saddi, Bailey and German on Plaintiff's Eighth Amendment failure-to-protect claim.

On December 29, 2008, Plaintiff filed a motion seeking a court order requiring Pelican Bay State Prison to forward Plaintiff's property to Salinas Valley State Prison, where Plaintiff is currently incarcerated. In accordance with this Court's general practice, Plaintiff's request is treated a motion for injunctive relief.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air

1  Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must
2  demonstrate a significant threat of irreparable injury." Id.  Also, an injunction should not issue if the
3  plaintiff "shows no chance of success on the merits." Id.  At a bare minimum, the plaintiff "must
4  demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."
5  Id.

6        Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must
7  have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103
8  S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and
9  State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d
10 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has
11 no power to hear the matter in question. Id.  "A federal court may issue an injunction *if* it has
12 personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not*
13 attempt to determine the rights of persons not before the court."  Zepeda v. United States
14 Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

15       In this instance, the events at issue in this action arose while plaintiff was incarcerated at the
16 California State Prison - Corcoran. (Docs.4, 5).  Plaintiff is currently housed at Salinas Valley State
17 Prison and the order sought is aimed at remedying his current conditions of confinement at that
18 prison.  The court does not jurisdiction in this action to issue the orders sought, as the case or
19 controversy requirement cannot be met in light of the fact that the issues plaintiff seeks to remedy
20 in his motions bear no relation to the past events at Corcoran State Prison giving rise to this suit.

21       Therefore, plaintiff's motions for preliminary injunctive relief, filed December 29, 2008, is
22 HEREBY DENIED.

24    IT IS SO ORDERED.
25    Dated:   **January 13, 2009**         /s/ **Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE