# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MAURICE GOMEZ, | Case No.: 1:03-cv-06290 DLB PC |
| Plaintiff, | |
| v. | ORDER RE MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| A. K. SCRIBNER, et al., | |
| Defendants. | |
| | FURTHER OPPOSITION, IF ANY, DUE IN TWENTY (20) DAYS |

**Procedural History**

Plaintiff David Maurice Gomez ("plaintiff") is proceeding pro se in this civil rights action filed September 22, 2003. This action is proceeding on plaintiff's amended complaint, filed October 21, 2003, against defendants Saddi, Bailey and German for failure to protect, in violation of the Eighth Amendment.

On October 20, 2004, this Court ordered service upon defendants Scribner, Bailey, Saddi, German, Rocha, Costello and Luna. Pursuant to the Court's Discovery and Scheduling Order, the deadline for filing pretrial dispositive motions was June 13, 2005. (Doc. 20). After obtaining extensions of time, defendants Scribner, Bailey, Saddi, German, Rocha and Costello timely filed a motion for summary judgment on July 19, 2005. On December 15, 2005, the Court issued a Findings and Recommendation recommending that the motion be granted in part and denied in part. (Doc. 87). On February 17, 2006, the Findings and Recommendations were adopted in full, and

1

1 defendants Scribner, Rocha and Costello were dismissed from the action. (Doc. 90).

2 On September 19, 2006, defendant Luna filed an answer to the amended complaint. The
3 Court then issued a second Scheduling and Discovery Order, which set forth a specific deadline for
4 filing an unenumerated Rule 12(b) motion in addition to a deadline for filing pretrial dispositive
5 motions. (Doc. 104). On November 29, 1006, Defendants Luna, Saddi, Bailey and German then
6 filed a motion to dismiss the action pursuant to an unenumerated Rule 12(b) motion for failure to
7 exhaust administrative remedies. (Doc. 106). Then Magistrate Judge O'Neill issued an order noting
8 that the deadline for filing pretrial dispositive motions was closed with respect to defendants Saddi,
9 German and Bailey, and held that the motion would be treated as one only by defendant Luna. (Doc.
10 107). Defendants filed a motion for reconsideration of the Court's order, arguing that the Court
11 previously did not set a deadline by which defendants Saddi, German and Bailey needed to file a
12 motion to dismiss for failure to exhaust, exhaustion of administrative remedies is jurisdictional, and
13 it is in the interest of judicial economy.

14 Defendants' motion was denied by order filed February 5, 2007. (Doc. 114). Then
15 Magistrate Judge O'Neill held that the scheduling order applicable to defendants Saddi, German and
16 Bailey was issued on December 17, 2004. Magistrate Judge O'Neill explained that the second
17 Scheduling Order was issued after defendant Luna waived service and filed an answer, and was
18 applicable only to plaintiff and defendant Luna. The order further stated,

> Although the Court set a specific unenumerated Rule 12(b) motion deadline for defendant Luna on September 20, 2006, but did not set a specific unenumerated Rule 12(b) motion deadline for defendants Saddi, German, and Bailey on December 17, 2004, the addition of such a deadline separate and apart from the pretrial dispositive motion deadline was the result of an administrative change made to orders less than two years ago. The Court is unpersuaded that an administrative change it made to its orders is grounds for a valid argument that prior to the change, defendants had no opportunity to file an unenumerated Rules 12(b) motion. The Prison Litigation Reform Act was enacted in 1996, and prior to the change in the Court's scheduling order, defendants wishing to raise the affirmative defense of failure to exhaust did so by filing a motion on or before the pretrial dispositive motion deadline. Defendants had the same opportunity to file a motion to dismiss for failure to exhaust as does every litigant subject to a scheduling order. The fact that at that time the Court did not set a *separate* deadline is immaterial. Defendants' argument they did not have an opportunity to file a motion to dismiss for failure to exhaust because the Court did not set an unenumerated Rule 12(b) deadline is untenable.  (Doc. 114, p.3:1-14).

The Court found also that Defendants' argument that exhaustion is jurisdictional was without merit, and was unpersuaded by their argument regarding judicial economy. The Court, however, held that defendants could file a motion seeking relief from a scheduling order upon a showing of good cause.[1]

On April 6, 2007, defendants Saddi, German and Bailey filed a further motion for reconsideration, or in the alternative, motion for relief from the Scheduling Order. (Doc. 121). Defendants' motion for reconsideration was again denied. The Court also declined to modify the Scheduling Order, finding that defendants had made no showing of due diligence and consequently no showing of good cause to warrant relief from the Scheduling Order.

This matter was subsequently scheduled for jury trial. Defendants filed their pretrial statement on February 2, 2009, and requested that the trial be bifurcated to first address the issue of whether Plaintiff exhausted his administrative remedies. (Doc. 175). On April 6, 2009, the Court issued its Pre-Trial Order and ordered defendants to file a pre-trial motion regarding exhaustion. (Doc. 188). Defendants filed their motion on April 16, 2009, and on April 22, 2009, the Court issued an order vacating the trial date to allow Plaintiff sufficient time to respond.

**Motion to Dismiss for Failure to Exhaust Administrative Remedies**

Defendants filed their motion on April 16, 2009. (Doc. 197). Plaintiff filed an opposition on April 24, 2009 and Defendants filed a reply on May 5, 2009. (Docs. 205, 208).

In his opposition, Plaintiff does not address the issue of whether his claims are exhausted, but argues that nothing has changed since the Court's prior rulings and that Defendants' motion should be rejected in its entirety.

The Court is well aware of the procedural history of this action. However, in light of the facts that I) defendants still intend to pursue non-exhaustion of administrative remedies as an affirmative defense at trial; ii) defendants each pled non-exhaustion of administrative remedies as required under 42 U.S.C. §1997e(a) as an affirmative defense in their answers to Plaintiff's amended complaint, and iii) this issue can be resolved prior to trial on the papers, thus saving judicial

---

[1] The motion to dismiss with respect to defendant Luna was subsequently granted and defendant Luna was dismissed from the action. (Doc. 115).

3

resources and the parties further expense and inconvenience, the Court vacated the trial date in this action.

Because Plaintiff's opposition does not address Defendants' contentions regarding exhaustion, the Court shall provide Plaintiff an additional twenty (20) days from the date of service of this order to file a further opposition to the motion to dismiss. Defendants' further reply, if any, is due five days following service of the opposition.

**Notice of Requirements for Opposing an Unenumerated Rule 12(b) Motion**

Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on June 28, 2006. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 18.). Nonetheless, the Court shall, in the paragraphs that follow, again provide plaintiff with notice of the requirements:

> At some point in the litigation, the defendants may file a motion to dismiss for failure to exhaust the administrative remedies as to one or more claims in the complaint. The failure to exhaust the administrative remedies is subject to an unenumerated Rule 12(b) motion to dismiss. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988) (per curiam)). In deciding a motion to dismiss for failure to exhaust, the court will look beyond the pleadings and decide disputed issues of fact. Wyatt, 837 F.3d at 1119-20 (quoting Ritza, 837 F.2d at 368). If the court concludes that the plaintiff has not exhausted the administrative remedies, the unexhausted claims must be dismissed and the court will grant the motion to dismiss. Wyatt, 837 F.3d at 1120. If all of the claims are unexhausted, the case will be dismissed, which means the plaintiff's case is over. If some of the claims are exhausted and some are unexhausted, the unexhausted claims will be dismissed and the case will proceed forward only on the exhausted claims. Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 923-26 (2007). A dismissal for failure to exhaust is without prejudice. Wyatt, 837 F.3d at 1120.
>
> If defendants make an unenumerated 12(b) motion to dismiss for failure to exhaust administrative remedies, the plaintiff may not simply rely on allegations in the complaint. Instead, the plaintiff must oppose the motion by setting forth specific facts in declaration(s) and other evidence regarding the exhaustion of administrative remedies. See Fed. R. Civ. P. 43(e); Ritza, 837 F.2d at 369. If the plaintiff does not submit his own evidence in opposition, the court may conclude that plaintiff has not exhausted administrative remedies and the case will be dismissed.

IT IS SO ORDERED.

Dated: **May 18, 2009**                    /s/ **Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE