**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MAURICE GOMEZ, | CASE NO. 1:03-cv-6290 DLB PC |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT |
| v. | |
| A.K. SCRIBNER, et al., | (Doc. 197) |
| Defendants. | |

**I.  Procedural History**

Plaintiff David Maurice Gomez ("Plaintiff") is proceeding pro se in this civil rights action filed September 22, 2003.  This action is proceeding on Plaintiff's amended complaint, filed October 21, 2003, against defendants Saddi, Bailey and German ("Defendants") for failure to protect, in violation of the Eighth Amendment of the United States Constitution.

On October 20, 2004, this Court ordered service upon defendants Scribner, Bailey, Saddi, German, Rocha, Costello and Luna.  Pursuant to the Court's Discovery and Scheduling Order filed October 20, 2004, the deadline for filing pretrial dispositive motions was June 13, 2005. (Doc. 20.)  After obtaining extensions of time, defendants Scribner, Bailey, Saddi, German, Rocha and Costello timely filed a motion for summary judgment on July 19, 2005.  On December 15, 2005, the Court issued a Findings and Recommendation recommending that the motion be granted in part and denied in part. (Doc. 87.)  On February 17, 2006, the Findings and Recommendations were adopted in full, and, *inter alia*, defendants Scribner, Rocha and Costello were dismissed from the action. (Doc. 90.)

On September 19, 2006, defendant Luna filed an answer to the amended complaint.  (Doc.

102.) The Court then issued a second Scheduling and Discovery Order, which set forth a specific deadline for filing an unenumerated Rule 12(b) motion, in addition to a deadline for filing pretrial dispositive motions. (Doc. 104.) On November 29, 2006, Defendants Luna, Saddi, Bailey and German then filed a motion to dismiss the action pursuant to an unenumerated Rule 12(b) motion for failure to exhaust administrative remedies. (Doc. 106.) Then Magistrate Judge O'Neill issued an order noting that the deadline for filing pretrial dispositive motions was closed with respect to defendants Saddi, German and Bailey, and held that the motion would be treated as one only by defendant Luna. (Doc. 107.) Defendants filed a motion for reconsideration of the Court's order, arguing that the Court previously did not set a deadline by which defendants Saddi, German and Bailey needed to file a motion to dismiss for failure to exhaust, exhaustion of administrative remedies is jurisdictional, and it is in the interest of judicial economy. (Docs. 110, 112.)

Defendants' motion was denied by order filed February 5, 2007. (Doc. 114.) Then Magistrate Judge O'Neill held that the scheduling order applicable to defendants Saddi, German and Bailey was issued on October 20, 2004. (Docs. 20, 30, 33.) Then Magistrate Judge O'Neill explained that the second Scheduling Order was issued after defendant Luna waived service and filed an answer, and was applicable only to Plaintiff and defendant Luna. The order further stated,

> Although the Court set a specific unenumerated Rule 12(b) motion deadline for defendant Luna on September 20, 2006, but did not set a specific unenumerated Rule 12(b) motion deadline for defendants Saddi, German, and Bailey on December 17, 2004, the addition of such a deadline separate and apart from the pretrial dispositive motion deadline was the result of an administrative change made to orders less than two years ago. The Court is unpersuaded that an administrative change it made to its orders is grounds for a valid argument that prior to the change, defendants had no opportunity to file an unenumerated Rules 12(b) motion. The Prison Litigation Reform Act was enacted in 1996, and prior to the change in the Court's scheduling order, defendants wishing to raise the affirmative defense of failure to exhaust did so by filing a motion on or before the pretrial dispositive motion deadline. Defendants had the same opportunity to file a motion to dismiss for failure to exhaust as does every litigant subject to a scheduling order. The fact that at that time the Court did not set a *separate* deadline is immaterial. Defendants' argument they did not have an opportunity to file a motion to dismiss for failure to exhaust because the Court did not set an unenumerated Rule 12(b) deadline is untenable. (Doc. 114, p.3:1-14.)

The Court found also that Defendants' argument that exhaustion is jurisdictional was without merit, and was unpersuaded by their argument regarding judicial economy. The Court, however, held that Defendants could file a motion seeking relief from a scheduling order upon a showing of

1 good cause. By order issued the following day, the Court granted defendant Luna's motion to
2 dismiss, and ordered the claims against her dismissed pursuant to 42 U.S.C. §1997e(a), without
3 prejudice. (Doc. 115.)

4      On April 6, 2007, defendants Saddi, German and Bailey filed a further motion for
5 reconsideration, or in the alternative, motion for relief from the Scheduling Order. (Doc. 121.)
6 Defendants' motion for reconsideration was again denied. (Doc. 128.) The Court also declined to
7 modify the Scheduling Order, finding that defendants had made no showing of due diligence and
8 consequently no showing of good cause to warrant relief from the Scheduling Order.

9      This matter was subsequently scheduled for jury trial. Defendants filed their pretrial
10 statement on February 2, 2009, and requested that the trial be bifurcated to first address the issue of
11 whether Plaintiff exhausted his administrative remedies. (Doc. 175.) On April 6, 2009, the Court
12 issued its Pre-Trial Order and ordered Defendants to file a pre-trial motion regarding exhaustion.
13 (Doc. 188.) Defendants filed their motion on April 16, 2009, and on April 22, 2009, the Court issued
14 an order vacating the trial date to allow Plaintiff sufficient time to respond. Plaintiff filed an
15 opposition on April 24, 2009 and Defendants filed a reply on May 5, 2009. (Docs. 205, 208.)

16      On May 19, 2009, the Court issued an order providing Plaintiff with an opportunity to file
17 a sur-opposition. (Doc. 209.) The Court noted that Plaintiff's opposition did not address the issue
18 of whether his claims were exhausted. Rather, Plaintiff argued that nothing had changed since the
19 Court's prior rulings and that Defendants' motion should be rejected in its entirety.

20      Plaintiff filed a sur-opposition on June 12, 2009. (Doc. 212.) Defendants have not filed a sur-
21 reply. The motion is deemed submitted.

22 **II.  Dismissal for Failure to Exhaust**
23     **A.  Legal Standard**

24      Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with
25 respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner
26 confined in any jail, prison, or other correctional facility until such administrative remedies as are
27 available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available
28 administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 918-19

(2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

**B.    Defendants' Motion**

In his amended complaint, Plaintiff alleges that on June 26, 2003, Plaintiff was stabbed in the eye by an inmate known as "Osito". Plaintiff alleges that defendants Saddi, Bailey and German failed to protect him from an excessive risk of harm, in violation of the Eighth Amendment of the

4

United States Constitution.

Defendants Saddi, German and Bailey argue that they are entitled to dismissal of the remaining claims against them because Plaintiff did not exhaust prior to filing suit. In support of their motion, Defendants submit evidence that Plaintiff's inmate appeal was not exhausted until March 19, 2004, when it was denied at the third and final level of review. (Doc. 197, Exs. A-D.)

In his sur-opposition, Plaintiff argues that he did exhaust his claims.[1] Plaintiff argues that prison guards at California State Prison - Corcoran have a history of throwing away prisoner 602 appeals. Plaintiff argues that the appeal that he filed on June 28, 2003 "only made its way through channels after defendants became aware that 'plaintiff' was filing law suit - and even then 'defendants' did not meet 602 appeal time constraints." (Doc. 212, p. 4.) Plaintiff further argues that it would be unfair to grant Defendants' motion at this late stage; had the dismissal been granted earlier, Plaintiff argues that he could still have had time to exhaust and re-file his lawsuit.

"[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 917-18 (2007) (citing Porter v. Nussle, 435 U.S. 516, 524, 122 S.Ct. 983 (2002)). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Plaintiff may not exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201.

In this instance, Plaintiff's appeal, dated June 28, 2003, was mailed to the institution on July 8, 2003, received on July 11, 2003, and assigned to an appeals coordinator on July 17, 2003. (Doc. 197, Ex. A, pp. 2; Doc. 4, Amend. Comp., Ex. D.) Pursuant to the applicable regulation, the response was due thirty working days later, on August 28, 2003. Tit. 15, § 3084.6. However, the appeal was not returned to Plaintiff until October 1, 2003. (Doc. 197, Ex. A, pp. 2.) Although the response was late, the documentary evidence submitted by Defendants indicate that Plaintiff was interviewed

---

[1] In his sur-opposition, Plaintiff states that he was recently transferred to Vacaville Prison and that his legal materials remain at Pelican Bay State Prison. Plaintiff explains that he cannot produce evidence to oppose the motion, but Plaintiff does not request an extension of time to file his sur-opposition. Plaintiff argues that he has evidence showing that guards at CSP-Corcoran have a history of throwing away inmate appeals. However, Plaintiff does not suggest that any of these purportedly missing inmate appeals relate to the Eighth Amendment claim proceeding here against defendants Saddi, German and Bailey. Further, Plaintiff does not dispute that his 602 inmate appeal filed on June 28, 2003, bearing Log No. 03-2572 and pertaining to the claims proceeding in this action against the Defendants, was processed and did ultimately receive a third and final level review.

5

1  regarding his appeal on September 8, 2003.  Thus, at the time Plaintiff filed this action, he was aware
2  that his appeal was being processed.[2] Plaintiff may not decide that the appeals process is moving too
3  slowly and file suit.  "All 'available' remedies must now be exhausted; those remedies need not meet
4  federal standards, nor must they be 'plain, speedy, and effective.'"  Porter, 534 U.S. at 524 (citing to
5  Booth, 532 U.S. at 739 n.5). Because Plaintiff was aware at the time he filed suit that his appeal was
6  working its way through the appeals process, the Court finds that Plaintiff filed suit prematurely and
7  the Eighth Amendment claim against defendants Saddi, German and Bailey must be dismissed as
8  a result.
9       With respect to Plaintiff's argument that dismissal at this late stage is unfair since he will not
10 be able to litigate this matter, the Court makes no comment as to Plaintiff's ability to pursue further
11 administrative remedies or to re-file suit.  Although the issue of exhaustion of administrative
12 remedies was not resolved sooner, the Court notes that defendants Saddi, Bailey and German each
13 pled non-exhaustion of administrative remedies as required under 42 U.S.C. §1997e(a) as an
14 affirmative defense in their answers filed in September and October 2004,  and in January 2005.
15 (Docs. 17, 26, 32.)

16 **III.    Conclusion and Order**

17      Because Plaintiff did not exhaust his administrative remedies as to his Eighth Amendment
18 claim against defendants Saddi, Bailey and German prior to filing suit, the Court HEREBY
19 GRANTS Defendants motion to dismiss for failure to exhaust administrative remedies prior to filing
20 suit.  Accordingly, Plaintiff's Eighth Amendment claims against defendants Saddi, Bailey and
21 German are dismissed pursuant to 42 U.S.C. §1997e(a) without prejudice.  The Clerk of the Court
22 is HEREBY DIRECTED to close this action.

24      IT IS SO ORDERED.
25      Dated:   **July 14, 2009**            **/s/ Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE

---

[2] This action was filed on September 22, 2003 and Plaintiff's complaint bears the date September 9, 2003. (Doc. 1.)

6